# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,**<br><br>v.<br><br>**HTC CORPORATION, ET AL.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 6:13-cv-507** |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,**<br><br>v.<br><br>**LG ELECTRONICS, INC., ET AL.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 6:13-cv-508** |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,**<br><br>v.<br><br>**PANTECH CO., LTD., ET AL.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 6:13-cv-509** |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,**<br><br>v.<br><br>**BLACKBERRY LIMITED, ET AL.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 6:13-cv-510** |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,**<br><br>v.<br><br>**ZTE CORPORATION, ET AL.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 6:13-cv-511** |

| | | |
|---|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,**<br><br>**v.**<br><br>**AMAZON.COM, INC., ET AL.** | § § § § § § § § | **Case No. 6:13-cv-568** |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,**<br><br>**v.**<br><br>**DELL INC.** | § § § § § § § § | **Case No. 6:13-cv-569** |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,**<br><br>**v.**<br><br>**NEC CASIO MOBILE COMMUNICATIONS, LTD., ET AL.** | § § § § § § § § | **Case No. 6:13-cv-584** |
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,**<br><br>**v.**<br><br>**MICROSOFT CORPORATION** | § § § § § § § § | **Case No. 6:13-cv-738** |

## ORDER

The passage of the Leahy-Smith America Invents Act ("AIA"), which clarified the joinder requirements for cases alleging patent infringement, has resulted in a significant increase in the number of "serially" filed patent cases on the Court's docket.  Similarly, the Federal Circuit's recent *In re EMC Corp.* decision leads to a nearly analogous result for pre-AIA filings because multi-defendant cases may be severed "[u]nless there is an actual link between the facts

underlying each claim of infringement."  677 F.3d 1351, 1360 (Fed. Cir. 2012).  Such serially

filed or severed cases, by their nature, involve common issues of law or fact, including claim

construction and validity.  "If actions before the Court involve a common question of law or fact,

the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2)

consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R.

Civ. P. 42(a).  In applying Rule 42, a court has considerable discretion.  *In re EMC Corp.*, 677

F.3d at 1360; *see also Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011) ("Rule 42(a)

provides district courts with broad authority to consolidate actions that 'involve a common

question of law or fact.'").  Because the above-styled cases involve a common question of law or

fact, consolidation of the cases would promote efficient case management.

Accordingly, the Court **ORDERS** that the above-styled cases shall be consolidated for

pretrial issues only, with the exception of venue.  The earliest filed civil action shall serve as the

lead case for consolidated issues.  The Clerk of the Court shall add the consolidated defendants

to the lead case, as well as Lead and Local Counsel only.  Any other counsel who wishes to

appear in the lead case shall file a notice of appearance in that case.  The individual cases will

remain active for venue motions and trial.  Additionally, all pending motions will be considered

as filed and without any prejudice due to consolidation.  Should the parties file motions to

transfer or motions to sever and transfer, the Court will consider these motions only as to the

defendants in the originally filed (member) cases, not as to all defendants in the pretrial

consolidated case.  *See Norman*, 2012 WL 3307942, at *4.  All future motions, other than venue

motions, shall be filed in the consolidated case.

The parties shall meet and confer and submit a single Docket Control by **March 15, 2014**.  The following dates and/or information shall be incorporated into the Docket Control Order:

| | |
|---|---|
| Comply with P.R. 3-1 and P.R. 3-2 | March 21, 2014 |
| Comply with P.R. 3-3 and P.R. 3-4 | June 20, 2014 |
| First *Markman* | November 18, 2014 at 9:00 a.m. |
| Second *Markman* | January 29, 2015 at 9:00 a.m. |
| Third *Markman* | March 19, 2015 at 9:00 a.m. |
| Pre-Trial Conference | March 24, 2016 at 9:00 a.m. |
| Jury Selection | April 4, 2016 at 9:00 a.m. |
| Jury Trial | April 11, 2016 at 9:00 a.m. |

The parties shall also meet and confer and submit a single Discovery, ESI, and Protective Order by **March 21, 2014**.  Each of the respective orders shall be filed in the lead case and will govern the consolidated case.  If an agreed Discovery, ESI, or Protective Order is not filed by March 21, 2014, the Court will enter its standard model orders, which the parties may then modify only through the appropriate motion.

The local rules' page limitations for *Markman* briefs and other motions will apply to the consolidated case.  To further promote judicial economy and to conserve the parties' resources, the Court encourages the parties to file a notice with the Court in the event that there are other related cases currently pending on the Court's docket, as well as any future cases Plaintiff intends to file, that may also be appropriate for consolidation with this case.

So **ORDERED** and **SIGNED** this 27th day of February, 2014.

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**